UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
RAYMOND MEDINA,

                      *Plaintiff,*

        -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, BRONX COUNTY DISTRICT ATTORNEY
ROBERT JOHNSON, POLICE OFFICERS JOHN DOE# 1-15
(the name "John Doe" being fictitious as the true names are
presently unknown), individually and in their official capacity as New
York City Police Officers,

                      *Defendants.*
------------------------------------------------------------------------X

## COMPLAINT

**JURY TRAIL DEMANDED**

*Civil Action No.* _____

Plaintiff **RAYMOND MEDINA** by his attorneys **NOVO LAW FIRM, PC** complaining of Defendants, **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, BRONX COUNTY DISTRICT ATTORNEY ROBERT JOHNSON AND POLICE OFFICERS JOHN DOE# 1-15,** respectfully alleges, upon information and belief:

### PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff **RAYMOND MEDINA** seeks relief for Defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and of rights secured by the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and of rights secured under the laws and Constitution of the State of New York. Plaintiff seeks damages, compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems equitable and just.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 and § 1331, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3. Jurisdiction is also invoked herein pursuant to the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

4. Plaintiff respectfully requests that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

5. Venue herein is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## JURY DEMAND

6. Plaintiff respectfully demands a trail by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. Plaintiff is 50 years old and at all times hereinafter mentioned was, and still is, a citizen of the United States residing at 1358 Washington Avenue, Apartment 10D, in the City of Bronx, County of Bronx and State of New York.

8. Defendant **THE CITY OF NEW YORK** was, and still is, at all times relevant herein, a municipal corporation duly incorporated and existing under and by virtue of the laws of the State of New York.

9. Defendant **NEW YORK CITY POLICE DEPARTMENT** was, and still is, at all times relevant herein, a municipal corporation established and maintained by Defendant **THE CITY OF NEW YORK**.

10. Defendant **THE CITY OF NEW YORK** was, and still is, at all times relevant herein, a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant **THE CITY OF NEW YORK** assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by Defendant **NEW YORK CITY POLICE DEPARTMENT**.

11. Defendants **POLICE OFFICERS JOHN DOE# 1-15** were, and still are, at all times relevant herein, duly appointed and acting officers, agents, servants, and employees of Defendant **NEW YORK CITY POLICE DEPARTMENT** a municipal agency of Defendant **THE CITY OF NEW YORK**.

12.. Defendants **POLICE OFFICERS JOHN DOE# 1-15** were, and still are, at all times relevant herein, acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant **THE CITY OF NEW YORK** were acting for, and on behalf of, and with the power and authority vested in them by Defendants **THE CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT** and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

13. Defendant **POLICE OFFICERS JOHN DOE# 1-15** were, and still are, at all times relevant herein, male New York City Police Officers, assigned to the 42nd precinct located at 830 Washington Ave, Bronx, NY 10451.

14. Defendants **POLICE OFFICERS JOHN DOE# 1-15** are sued individually.

15. Upon information and belief and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and the place where the injuries and damages were sustained, together with Plaintiff's demands for adjustment thereof was duly served on Plaintiff's behalf on the Comptroller of Defendant **THE CITY OF NEW YORK** and that, thereafter, said Comptroller for Defendant **THE CITY OF NEW YORK** refused or neglected for more than thirty (30) days, and up to the commencement of this action, to make any adjustment or payment thereof, and that, thereafter, and within the time provided by law, this action was commenced.

16. Upon information and belief, pursuant to General Municipal Law §50(h), a hearing was held at the office of a designated agent.

## FACTS

17. Plaintiff **RAYMOND MEDINA** repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

18. On or about October 9, 2013, at approximately 2:20 P.M., Plaintiff **RAYMOND MEDINA** was lawfully traversing at or near 3rd Avenue between 170th Street and 171st Street in the County of Bronx, State of New York, when he became a victim of police misconduct, police brutality and malicious and sadistic force.

19. Upon information and belief, while Plaintiff **RAYMOND MEDINA** was lawfully at or near the aforementioned location, he was approached by Defendants **POLICE OFFICERS JOHN DOE #1-15**, New York City Police Officers who, without reasonable suspicion, without probable cause and without any threat or reasonable belief of unlawful activity, proceeded to violently and unlawfully assault, batter, and unlawfully arrest and handcuff Plaintiff without any indication as to what he had done wrong and/or what, if any, crime(s) he had committed.

20. Upon information and belief, Plaintiff **RAYMOND MEDINA** was subjected to unlawful pat downs and searches by Defendants **POLICE OFFICERS JOHN DOE #1-15**.

21. Upon information and belief, Plaintiff **RAYMOND MEDINA** was then violently jerked to his feet and dragged into a patrol vehicle awaiting transport.

22. Upon information and belief, while in the patrol vehicle, Plaintiff **RAYMOND MEDINA** made several complaints of pain and injuries to his body, which were all ignored.

23. Upon information and belief, while in the patrol vehicle, Plaintiff **RAYMOND MEDINA** made several complaints of the handcuffs being extremely tight, he pleaded and requested for the handcuffs to be loosened, however, his requests were denied, resulting in severe wrist injuries and pain which lasted for several weeks.

24. Upon information and belief, Plaintiff was left for approximately three (3) hours inside a patrol vehicle, handcuffed, injured, in need of medical attention while the officers drove around making other arrests.

25. Upon information and belief, at no point did Plaintiff **RAYMOND MEDINA** resist arrest or disobey the arresting officer's commands.

26. Upon information and belief, Plaintiff **RAYMOND MEDINA** was then finally transported to 42nd Precinct where he was fingerprinted and placed in a holding cell.

27. Upon information and belief, Plaintiff spent approximately five (5) hours in the holding cell, deprived of food, water and medical attention.

28. Upon information and belief, Plaintiff was then transported to Central Booking where he was photographed, fingerprinted, and placed in a holding cell.

29. Upon information and belief, Plaintiff was placed in approximately seven (7) different cells while in custody at Central Booking.

30. Upon information and belief, after approximately seventeen (17) additional hours at Central Booking, Plaintiff was brought before a judge and bail was set.

31. Upon information and belief, Plaintiff made an application for a hearing.

32. Plaintiff was then transferred to Riker's Island to await his next court appearance.

33. Upon information and belief, Plaintiff spent an additional five (5) days at Riker's Island.

34. Upon information and belief, after a total of approximately six (6) days and more than one hundred forty-four (144) hours in the custody of Defendants, on October 15, 2013, Plaintiff was released from custody, all charges were dismissed and all records pertaining to this arrest were sealed.

### AS AND FOR A FIRST CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION and 42 U.S.C. § 1983
### BY THE CITY OF NEW YORK

35. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

36. At all times material to this complaint, Defendant **THE CITY OF NEW YORK** acting through its police department and through Defendants **POLICE OFFICERS JOHN DOE# 1-15** had in effect actual and/or *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

37. At all times material to this complaint, Defendant **THE CITY OF NEW YORK** acting through its police department, and through Defendants **POLICE OFFICERS JOHN DOE# 1-15** had in effect and/or *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise and discipline employees and police officers, and of failing to inform the individual Defendants' supervisors

of the need to train, screen, supervise and discipline said Defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

38. Defendant **THE CITY OF NEW YORK** acting through its police department, and through Defendants **POLICE OFFICERS JOHN DOE# 1-15** being aware that such lack of training, screening, supervision, and discipline leads to improper conduct, acted with deliberate indifference in failing to establish a program of effective training, screening, supervision and discipline. Defendant **THE CITY OF NEW YORK** being aware that the persistent and substantial risk of improper detention of persons based upon insufficient or incorrect information, and effective training, screening, supervision and discipline would lessen the likelihood of such occurrences. There are recurrent circumstances which involve such potential danger to the constitutional rights of citizens, more specifically Plaintiff and which are officially tolerated by Defendant **THE CITY OF NEW YORK**. Such policies, practices, customs or usages were a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the harm/damages alleged herein, in violation of Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its First, Fourth, Eighth and Fourteenth Amendments.

39. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A SECOND CAUSE OF ACTION
DEPRIVATION OF RIGHTS UNDER THE
UNITED STATES CONSTITUTION and 42 U.S.C. § 1983
BY NEW YORK CITY POLICE DEPARTMENT**

40. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

41. At all times material to this complaint, Defendant **NEW YORK CITY POLICE DEPARTMENT** acting through Defendants **POLICE OFFICERS JOHN DOE# 1-15** had in effect actual and/or *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

42. At all times material to this complaint, Defendant **NEW YORK CITY POLICE DEPARTMENT** acting through Defendants **POLICE OFFICERS JOHN DOE# 1-15** had in effect and/or *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise and discipline employees and police officers, and of failing to inform the individual Defendants' supervisors of the need to train, screen, supervise and discipline said Defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

43. Defendant **NEW YORK CITY POLICE DEPARTMENT** acting through Defendants **POLICE OFFICERS JOHN DOE# 1-15** being aware that such lack of training, screening, supervision, and discipline leads to improper conduct, acted with deliberate indifference in failing to establish a program of effective training, screening, supervision and discipline. Defendant **NEW YORK CITY POLICE DEPARTMENT** being aware that the persistent and substantial risk of improper detention of persons based upon insufficient or incorrect information, and effective training, screening, supervision and discipline would lessen the likelihood of such occurrences. There are recurrent circumstances which involve such potential danger to the constitutional rights of citizens, more specifically Plaintiff and which are officially tolerated by Defendant **NEW YORK CITY POLICE DEPARTMENT**. Such policies, practices, customs or usages were a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the harm/damages alleged herein, in violation of Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its First, Fourth, Eighth and Fourteenth Amendments.

44. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A THIRD CAUSE OF ACTION**
**DEPRIVATION OF RIGHTS UNDER THE**
**UNITED STATES CONSTITUTION and 42 U.S.C. § 1983**
**BY BRONX COUNTY DISTRICT ATTORNEY ROBERT JOHNSON**

45. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

46. At all times material to this complaint, Defendant **BRONX COUNTY DISTRICT ATTORNEY ROBERT JOHNSON**, had in effect actual and/or *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

47. At all times material to this complaint, Defendant **BRONX COUNTY DISTRICT ATTORNEY ROBERT JOHNSON** had in effect and/or *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

48. Defendant **BRONX COUNTY DISTRICT ATTORNEY ROBERT JOHNSON** being aware that such lack of training, screening, supervision and discipline leads to improper conduct, acted with deliberate indifference in failing to establish a program of effective training, screening, supervision and discipline. Defendant **BRONX COUNTY DISTRICT ATTORNEY ROBERT JOHNSON**, being aware that the persistent and substantial risk of improper detention of persons based upon insufficient or incorrect information, and effective training, screening, supervision and discipline would lessen the likelihood of such occurrences. There are recurrent circumstances which involve such potential danger to the constitutional rights of citizens, more specifically Plaintiff and which are officially tolerated by Defendant **BRONX COUNTY DISTRICT ATTORNEY ROBERT JOHNSON**. Such policies, practices, customs or usages were a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the harm/damages alleged herein, in violation of Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its First, Fourth, Eighth and Fourteenth Amendments.

49. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific physical, psychological and emotional injuries, emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A FOURTH CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION and 42 U.S.C. § 1983
### BY POLICE OFFICERS JOHN DOE# 1-15

50. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force

and effect as though fully stated herein.

51. By their conduct and actions in arresting, searching, imprisoning, failing to intercede on behalf of Plaintiff and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of Defendants acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to and/or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of Plaintiff's due process clause and constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its First, Fourth, Eighth and Fourteenth Amendments.

52. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A FIFTH CAUSE OF ACTION
### FALSE ARREST, FALSE IMPRISONMENT, AND UNLAWFUL DETENTION

53. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

54. By the actions described above, Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, BRONX COUNTY DISTRICT ATTORNEY ROBERT JOHNSON AND POLICE OFFICERS JOHN DOE# 1-15** caused Plaintiff to be falsely arrested and falsely imprisoned without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so.

55. The acts and conduct of Defendants were the direct and proximate cause of injury and/or damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

56. Plaintiff was unlawfully detained in violation of CPL§180.80 in failing to dispose of the felony complaint or commence a hearing within the statutory confinement period.

57. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered a loss of quality and/or

enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SIXTH CAUSE OF ACTION
### DERELICTION OF DUTY, DEPRAVED INDIFFERENCE and FAILURE TO INTERCEDE

58. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

59. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, BRONX COUNTY DISTRICT ATTORNEY ROBERT JOHNSON AND POLICE OFFICERS JOHN DOE# 1-15** were under a duty of safeguarding the public and ensuring the appropriate execution of Defendant **NEW YORK POLICE DEPARTMENT**'s role. Plaintiff duly relied on Defendants' fulfillment of their policing duties.

60. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, BRONX COUNTY DISTRICT ATTORNEY ROBERT JOHNSON AND POLICE OFFICERS JOHN DOE# 1-15** had an affirmative duty to intercede when Plaintiff's constitutional rights were being violated in Defendants' presence.

61. At the time of the incident, Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, BRONX COUNTY DISTRICT ATTORNEY ROBERT JOHNSON AND POLICE OFFICERS JOHN DOE# 1-15** were observing and aware of the wrongful acts against Plaintiff.

62. At the time of the incident, Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, BRONX COUNTY DISTRICT ATTORNEY ROBERT JOHNSON AND POLICE OFFICERS JOHN DOE# 1-15** neglected to intervene on Plaintiff's behalf in dereliction of their duty to Plaintiff and in depraved indifference to Plaintiff's well-being.

63. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, BRONX COUNTY DISTRICT ATTORNEY ROBERT JOHNSON AND POLICE**

OFFICERS JOHN DOE# 1-15 violated Plaintiff's constitutional rights when they failed to intercede and prevent the violation or further violation of Plaintiff's constitutional rights and the injuries or further injuries caused as a result of said failure.

64. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, BRONX COUNTY DISTRICT ATTORNEY ROBERT JOHNSON AND POLICE OFFICERS JOHN DOE# 1-15** had an affirmative duty to intercede when Plaintiff's constitutional rights were being violated in Defendants' presence by falsifying evidence of probable cause to arrest and prosecute Plaintiff.

65. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
## THE COMMON LAW OF THE STATE OF NEW YORK
## VIA BATTERY

66. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

67. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT,** and **BRONX COUNTY DISTRICT ATTORNEY ROBERT JOHNSON** are vicariously liable to Plaintiff for the individual Defendants' **POLICE OFFICERS JOHN DOE# 1-15** common tort of battery via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

68. Defendants **POLICE OFFICERS JOHN DOE# 1-15** committed a battery on Plaintiff by him being handcuffed, pushed, shoved, fingerprinted and searched. The deprivation of food, water and sanitary conditions while in custody, was harmful, un-consented, and unjustified and in so doing, Defendants violated the laws and Constitution of the State of New York and otherwise violated Plaintiff's rights under New York Law.

69. That by reason of the battery, Plaintiff was harmed physically and emotionally, all while unlawfully and

11

illegally detained, and that Plaintiff was otherwise harmed as a result of the Defendants' actions.

70. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A EIGHTH CAUSE OF ACTION
### VIOLATION OF PLAINTIFF'S RIGHT
### UNDER NEW YORK STATE LAW
### VIA ASSAULT

71. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

72. That on the aforementioned date, time and place, Defendants **POLICE OFFICERS JOHN DOE# 1-15** committed the tort of assault against Plaintiff by causing his to be in fear and/or apprehension of imminent and offensive harm and in so doing, Defendants violated the laws and Constitution of the State of New York and otherwise violated Plaintiff's rights under New York Law

73. That Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT** and **BRONX COUNTY DISTRICT ATTORNEY ROBERT JOHNSON** are vicariously liable to Plaintiff for the individual Defendants' **POLICE OFFICERS JOHN DOE# 1-15** common law tort of assault via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

74. That by reason of the aforesaid committed by Defendants **POLICE OFFICERS JOHN DOE# 1-15** Plaintiff suffered and continues to suffer physical injury and that he was otherwise damaged.

75. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A NINTH CAUSE OF ACTION
### NEGLIGENCE

76. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

77. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, BRONX COUNTY DISTRICT ATTORNEY ROBERT JOHNSON AND POLICE OFFICERS JOHN DOE# 1-15** negligently caused injuries and otherwise damaged Plaintiff. The acts and conduct of Defendants were the direct and proximate cause of injury to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

78. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A TENTH CAUSE OF ACTION
## VIOLATION OF SUBSTANTIVE DUE PROCESS

79. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as thought fully stated herein.

80. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, BRONX COUNTY DISTRICT ATTORNEY ROBERT JOHNSON AND POLICE OFFICERS JOHN DOE# 1-15** individually and collectively are liable pursuant to 42 U.S.C. § 1983 for abuses against Plaintiff that shock the conscience in violation of the Fourteenth Amendment to the United States Constitution.

81. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, BRONX COUNTY DISTRICT ATTORNEY ROBERT JOHNSON AND POLICE OFFICERS JOHN DOE# 1-15** individually and collectively are liable for abuses against Plaintiff that shock the conscience in violation of Article 1, § 5 of the New York State Constitution.

82. Defendants **POLICE OFFICERS JOHN DOE# 1-15** individually and collectively are liable for abuses against Plaintiff that shock the conscience in violation of New York law, rules and regulations.

83. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered loss of quality and/or enjoyment of life, physical injury, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged.

### AS AND FOR A ELEVENTH CAUSE OF ACTION
### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

84. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as thought fully stated herein.

85. At all times herein mentioned, Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT** and **BRONX COUNTY DISTRICT ATTORNEY ROBERT JOHNSON** owed Plaintiff a duty to manage, control, and supervise Defendants **POLICE OFFICERS JOHN DOE# 1-15**.

86. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT** and **BRONX COUNTY DISTRICT ATTORNEY ROBERT JOHNSON** negligently hired, screened, retained, disciplined, supervised and trained Defendants **POLICE OFFICERS JOHN DOE# 1-15**.

87. At all times herein mentioned, Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT** and **BRONX COUNTY DISTRICT ATTORNEY ROBERT JOHNSON** owed Plaintiff a duty to hire qualified and sufficient personnel in connection with the operation, management control, teaching at and/or supervision of Defendants **POLICE OFFICERS JOHN DOE# 1-15**.

88. At all times herein mentioned, Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT** and **BRONX COUNTY DISTRICT ATTORNEY ROBERT JOHNSON** owed Plaintiff a duty to train their employees so as to enable them to properly maintain order and control.

89. At all times herein mentioned, Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT** and **BRONX COUNTY DISTRICT ATTORNEY ROBERT JOHNSON** owed Plaintiff a duty to promulgate proper and/or adequate rules and regulations

governing the proper care, guidance and/or supervision to be provided and rendered by those agents, servants, officers and/or employees hired as New York City Police Officers.

90. At all times herein mentioned, Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT** and **BRONX COUNTY DISTRICT ATTORNEY ROBERT JOHNSON** owed Plaintiff a duty to provide a safe and proper environment.

91. At all times herein mentioned, Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT** and **BRONX COUNTY DISTRICT ATTORNEY ROBERT JOHNSON** owed Plaintiff a duty to prevent from being assaulted and battered while in their custody and control.

92. At all times relevant hereto, Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT** and **BRONX COUNTY DISTRICT ATTORNEY ROBERT JOHNSON** and/or said Defendants' agents, servants, employees and/or licensees were, jointly, severally and concurrently, negligent, careless and reckless in individually and collectively breaching each and every duty owed to Plaintiff.

93. The aforesaid occurrence was caused wholly and solely by reason of the negligence of Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT** and **BRONX COUNTY DISTRICT ATTORNEY ROBERT JOHNSON** and/or said Defendants' agents, servants, employees and/or licensees, without any fault or negligence on the part of Plaintiff contributing thereto.

94. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT** and **BRONX COUNTY DISTRICT ATTORNEY ROBERT JOHNSON** acting through Defendants **POLICE OFFICERS JOHN DOE# 1-15** had *defacto* to policies, practices, customs and usage, which were a direct and proximate cause of the unconstitutional conduct alleged herein.

95. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered loss of quality and/or enjoyment of life, physical injury, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged.

### AS AND FOR A TWELFTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL HARM

96. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as thought fully stated herein.

97. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, BRONX COUNTY DISTRICT ATTORNEY ROBERT JOHNSON AND POLICE OFFICERS JOHN DOE# 1-15** negligently caused emotional distress and damage to Plaintiff. The acts and conduct of Defendants were the direct and proximate cause of emotional injury to Plaintiff and violated his statutory and common law rights as guaranteed by the laws in the U.S. Constitution, the Constitution of the State of New York, and under the Charter, laws, rules and regulations of the City of New York.

98. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered loss of quality and/or enjoyment of life, physical injury, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL HARM

99. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as thought fully stated herein.

100. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, BRONX COUNTY DISTRICT ATTORNEY ROBERT JOHNSON AND POLICE OFFICERS JOHN DOE# 1-15** knowingly, unreasonably and maliciously sought to disturb Plaintiff by their individual and collective outrageous conduct.

101. This conduct includes, without being limited to, assaulting and battering Plaintiff while he was bound by handcuffs in their custody; unreasonably detaining her; depriving his of food, water and proper medical care and subjecting his to multiple unreasonable searches and other intimidation tactics and violated his statutory and common law rights as guaranteed by the laws in the U.S. Constitution, the

Constitution of the State of New York, and under the Charter, laws, rules and regulations of the City of New York.

102. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, BRONX COUNTY DISTRICT ATTORNEY ROBERT JOHNSON AND POLICE OFFICERS JOHN DOE# 1-15** have caused Plaintiff humiliation, anxiety, fear, sleeplessness and severe distress.

103. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered loss of quality and/or enjoyment of life, physical injury, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
## MALICIOUS PROSECUTION

104. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

105. By the actions described above, Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, BRONX COUNTY DISTRICT ATTORNEY ROBERT JOHNSON AND POLICE OFFICERS JOHN DOE# 1-15** initiated a prosecution against Plaintiff Mr. Medina.

106. By the actions described above, Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, BRONX COUNTY DISTRICT ATTORNEY ROBERT JOHNSON AND POLICE OFFICERS JOHN DOE# 1-15** lacked probable cause to believe the proceeding could succeed.

107. By the actions described above, Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, BRONX COUNTY DISTRICT ATTORNEY ROBERT JOHNSON AND POLICE OFFICERS JOHN DOE# 1-15** caused Plaintiff to be maliciously prosecuted without any probable cause, without reasonable suspicion, without any proper claims, without any right or authority to do so, illegally and with malice.

108. Defendants **THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT,**

**BRONX COUNTY DISTRICT ATTORNEY ROBERT JOHNSON AND POLICE OFFICERS JOHN DOE# 1-15** arrested and issued legal process in order to obtain collateral objectives outside the legitimate ends of the legal process and intimidated Plaintiff Mr. Medina for their personal interest and further to prevent Plaintiff from disclosing the aforementioned evidence of their misconduct.

109. The prosecution was ultimately terminated in favor of Plaintiff Mr. Medina.

110. As a result of the foregoing, Plaintiff Mr. Medina was deprived of his liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all Defendants:

   a. Compensatory damages;
   b. Punitive damages;
   c. The convening and empanelling of a jury to consider the merits of the claims herein;
   d. Costs, interest and attorneys' fees;
   e. Such other further relief as this court may deem appropriate and equitable.

Dated:   New York, New York
         October 8, 2014

Respectfully submitted,

NOVO LAW FIRM, PC
*Attorney for Plaintiff*

By: Ellie A. Silverman, Esq. (4701868)
299 Broadway, 17th Floor
New York, New York 10007
(212) 233-6686
**File No. 13-3048**
ellies@novolawfirm.com